UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X  09 cv 9356
LINCOLN DOZIER AND RITA JENKINS,                             Judge Holwell
                              Plaintiffs,          **COMPLAINT**

    -against-

POLICE OFFICER MCDONNELLE,
NEW YORK CITY and UNIDENTIFIED
POLICE OFFICERS,                                   **JURY TRIAL DEMANDED**

                              Defendant(s).
----------------------------------------------------------X

The plaintiffs, complaining of the defendants, by their attorney, FRED LICHTMACHER, ESQ., respectfully show to this Court and allege:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States, pursuant to 42 U.S.C. § 1983 as well as pursuant to the laws of the State of New York.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

5    This Court has jurisdiction to hear plaintiffs' state claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

6    Plaintiff, LINCOLN DOZIER, is a resident of Kings County in the City and State of New York and he is an African-American male.

7    Plaintiff, RITA JENKINS, is a resident of Kings County in the City and State of New York and she is an African-American female.

8    Upon information and belief, at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under

and by virtue of the laws of the State of New York, and that at all times relevant defendants POLICE OFFICER MCDONNELLE and UNIDENTIFIED POLICE OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

9   Upon information and belief, at all times hereinafter mentioned, defendants were employed by the defendant, NYC, as members of its police department.

10   Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

11   The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

12   This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

13   Each and all of the acts of the defendants alleged herein were committed by the defendants, acting as state actors acting under the color of law.

14   A Notice of Claim was served on the Comptroller of the City of New York, on or about February 6, 2009.

15   As of this date no 50-H hearing was conducted as to the plaintiffs and that as of this date plaintiffs' demand for payment has not yet been addressed by the defendants.

16   More than thirty days have elapsed since the service of the aforementioned notice of claim and that adjustment or payment thereof has been neglected or refused.

17   The state claims in this cause of action are commenced within one year and ninety days of

when this cause of action arose as to plaintiff and that the federal claims are brought in a timely manner within three years of the date they accrued.

### STATEMENT OF FACTS

18   On January 2, 2009, at approximately 6:00 AM, plaintiffs Lincoln Dozier and Rita Jenkins were asleep in their apartment, located at 9502 Church Avenue Apt 2R Brooklyn NY, when the defendants illegally entered their apartment by knocking down their door.

19   The defendants proceeded to point guns at the plaintiffs.

20   Defendants unnecessarily body slammed Dozier to the floor causing him injury.

21   Defendants did not allow Jenkins to cover her unclad upper body for an unnecessary period of time.

22   Defendants unreasonably and maliciously ransacked the plaintiffs' home destroying their property without any legitimate law enforcement purpose to do so.

23   The plaintiffs were illegally detained and falsely imprisoned during the search of their apartment.

24   Despite not finding drugs or other contraband in the apartment, the plaintiffs were handcuffed arrested and brought to the precinct and subsequently to central booking.

25   After seeing the Judge, the baseless charges against the plaintiffs were dismissed pursuant to an adjournment in contemplation of dismissal.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 and THE FOURTH AMENDMENT
### via FALSE ARREST and ILLEGAL UNCONSTITUTIONAL
### TERMS OF THEIR CONFINEMENTS

26   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

27   The plaintiffs' rights have been violated pursuant to the Fourth Amendment of the United

States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subjected to being falsely arrested by the defendants.

28    The defendants confined the plaintiffs, plaintiffs were not free to leave, defendants intended to confine plaintiffs, plaintiffs were conscious of confinement, plaintiffs did not consent to confinement and confinement was not otherwise privileged.

29    As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution, being more particularly, plaintiffs' right to be free from arrest without probable cause.

30    In addition to invasions of their privacy, plaintiffs suffered offenses to their dignity and violations of their rights, plaintiffs were subjected to being handcuffed, searched, confined, they were interrogated, insulted, humiliated, Jenkins was denied her right to adequate clothing, Dozier was denied access to his blood pressure medicine, Dozier was denied pain medication and the plaintiffs were otherwise prevented from conducting their normal affairs of business.

31    The said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

32    The various defendants who knew of the false arrests and allowed the illegal detention of the plaintiffs to continue, are liable to the plaintiffs via their failure to act pursuant to their affirmative duty to intervene.

33    By reason of the unlawful false arrest, the plaintiffs incurred pecuniary harms, they were subjected to great indignities, humiliation, anxiety, they were subjected to inhumane conditions, they were prevented from conducting their normal affairs of business and that they were otherwise harmed.

34    By reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each, they are entitled to awards of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**<u>AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
THE COMMON LAW OF THE STATE OF NEW YORK
FALSE ARREST/IMPRISONMENT</u>**

35    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

36    The plaintiffs' rights have been violated pursuant to the common law of the State of New York via a false arrest/imprisonment.

37    The defendant NYC is vicariously liable to the plaintiffs for the individual defendants' common law torts via the principle of *respondeat superior*.

38    New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

39    The defendants confined the plaintiffs, in that plaintiff were not free to leave, defendants intended to confine plaintiffs, plaintiffs were conscious of confinement, plaintiffs did not consent to confinement and confinement was not otherwise privileged.

40    As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities pursuant to the laws of the State of New York being more particularly plaintiffs' right to be free from arrest without probable cause.

41    Among other invasions of their privacy, offenses to their dignity and violations of their rights, plaintiffs were subjected to being handcuffed, searched, confined, they were interrogated, insulted, humiliated and prevented from conducting their normal affairs of business.

42    The said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes.

43    By reason of the unlawful false arrest, the plaintiffs were subjected to pecuniary harms, they were subjected to great indignities, humiliation, anxiety, they were subjected to inhumane conditions, they were prevented from conducting their normal affairs of business and that they were

otherwise harmed.

44      By reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each and they are entitled to awards of punitive damages.

### AS AND FOR AN THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 and THE FOURTH AMENDMENT
### via an ILLEGAL SEARCH OF PLAINTIFF'S HOME

45      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

46      The plaintiffs' rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subjected to an illegal and unjustified search of their home by the defendants.

47      As a result of such illegal and unjustified search, plaintiffs were subjected to great indignities, humiliation, anxiety, an invasion of their privacy and that they were otherwise harmed.

48      The defendants unnecessary and illegal search was conducted unreasonably in violation of the Fourth Amendment in that the defendants did unnecessarily destroy and damage plaintiffs' property.

49      By reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS each, they are entitled to awards of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR AN FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### VIOLATION OF PLAINTIFF DOZIER'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 and THE FOURTH AMENDMENT
### via EXCESSIVE AND UNREASONABLE FORCE

50    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

51    Plaintiff Dozier's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subjected to excessive, unreasonable and unnecessary force by the defendants.

52    As a result of being subjected to excessive force, Dozier's knee was injured, he suffered pain and limitation of bodily function great indignities, humiliation, anxiety, and that he was otherwise harmed.

53    By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH
AMENDMENT BY DEFENDANT NEW YORK CITY
i.e., MONELL CLAIM**

54    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

55    The plaintiffs' rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

56    Defendant NYC and unidentified police officers, who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiffs' rights under the Constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this

case to engage in the above-mentioned conduct.

57    The defendant municipality, NYC, intentionally maintains a Civilian Complaint Review Board which conducts sham investigations of its officers when allegations are brought by civilians and that members of the NYPD know this and are thereby not deterred from committing unconstitutional acts such as the acts in the instant matter.

58    The defendant municipality, NYC, intentionally maintains a Civilian Complaint Review Board which refuses to conduct investigations of its officers when allegations are brought by civilians and that members of the NYPD that false arrests have been committed and the officers of the NYPD are thereby not deterred from committing false arrests such as these in the instant matter.

59    The City of New York does not properly train its officers in allowing people under arrest to obtain adequate clothing, as soon as possible, after an entry into their homes, thereby causing Jenkins to be unduly subjected to her partially clad body being viewed by the officers and causing her severe embarrassment and violation of her constitutional rights.

60    In so doing the defendant NYC has caused, encouraged, condoned and has been deliberately indifferent to unconstitutional acts performed by members of the NYPD and the defendants in the instant matter and has thereby caused the violations of plaintiffs' rights, and thereby caused plaintiffs' numerous harms.

61    NYC knew of the patterns of misconduct articulated above and did nothing, and thereby acquiesced in, or tacitly authorized, the defendants' actions.

62    By reason of the aforementioned, plaintiffs were subjected to physical, emotional and pecuniary harms, and that they were subjected to other harms.

63    By reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each, and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR AN SIXTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF PLAINTIFF DOZIER'S RIGHTS PURSUANT TO
THE COMMON LAW OF THE STATE OF NEW YORK
via BATTERY**

64    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

65    Plaintiff Dozier's rights have been violated pursuant to the common law of the State of New York via a battery, in that plaintiff was subjected to excessive, unreasonable and unnecessary force by the defendants.

66    As a result of being subjected to excessive force, Dozier's knee was injured, he suffered pain and limitation of bodily function great indignities, humiliation, anxiety, and that he was otherwise harmed.

67    By reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS, and he is entitled to an award of punitive damages.

**AS AND FOR AN SEVENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
THE COMMON LAW OF THE STATE OF NEW YORK
via ASSAULT**

68    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

69    Plaintiffs' rights have been violated pursuant to the common law of the State of New York via a battery, in that plaintiff s were subjected to a common law assault by the defendants who pointed guns at them and threatened them and caused them to be in apprehension of an imminent harmful unconsented touching.

70    As a result of being subjected to a common law assault, plaintiffs were subjected to great indignities, humiliation, anxiety, emotional harms and that they were otherwise harmed.

71 By reason of the aforesaid, the plaintiffs have been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each and they are entitled to awards of punitive damages.

  **WHEREFORE**, plaintiffs demand judgment against the defendants in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each and awards of punitive damages on the First Cause of Action; in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each and awards of punitive damages on the on the Second Cause of Action; ONE HUNDRED THOUSAND ($100,000.00) DOLLARS each and awards of punitive damages on the on the Third Cause of Action; in a sum not exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS and an award of punitive damages for plaintiff Dozier on the Fourth Cause of Action; THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each on the Fifth Cause of Action; in a sum not exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS and an award of punitive damages for plaintiff Dozier on the Sixth Cause of Action; and in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS each and an award of punitive damages on the Seventh Cause of Action, along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on plaintiffs' federal causes of action together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: November 11, 2009
  New York, New York

             / s /
             FRED LICHTMACHER (FL-5341)
             Attorney for Plaintiff
             The Empire State Building
             350 5th Avenue Suite 7116
             New York, New York 10118
             (212) 922-9066

To: Michael Cardozo
   Corporation Counsel City of New York
   100 Church Street
   New York, New York 10007