UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DANIEL SMITH,                           :
                        Plaintiff,      :
                                        :
                                        :           09 Civ. 9256 (DLC)
            -v-                         :
                                        :          MEMORANDUM OPINION
NEW YORK CITY DEPARTMENT OF EDUCATION,  :               & ORDER
ED GARDELLA, CRAIG SHAPIRO, GERALDINE   :
AMBROSIO, and PATRICIA SQUIRE,          :
                        Defendants.     :
                                        :
----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5|24|2011

DENISE COTE, District Judge:

Smith commenced the above-captioned wrongful employment termination action on November 6, 2009. By Order dated January 29, 2010, the case was stayed until the completion of Smith's hearing pursuant to N.Y. Educ. L. § 3020-a. The § 3020-a proceeding having concluded, a conference was held on October 22, 2010. Fact discovery was scheduled to conclude on January 28, 2011 and any motion for summary judgment was to be filed by April 1. At the joint request of the parties, fact discovery was thereafter extended until March 11. The deadline for filing a summary judgment motion was adjourned to May 13, 2011. January 26 and March 15 Orders indicated that there would be no extension of the May 13 deadline.

On May 13, 2011, defendants filed a motion for summary judgment. By letter dated May 13 (the "May 13 Letter"), plaintiff's counsel, Thomas Ricotta of Leeds, Morelli, & Brown,

P.C. (the "Firm"), requested that the Court:  (1) enter an Order allowing the Firm to withdraw as counsel of record for Smith; (2) grant a lien in favor of the Firm for any fees associated with the legal services it provided to Smith in an amount to be determined at the conclusion of the matter; and, (3) grant a ninety-day stay to permit Smith to retain new counsel.  That same day, Smith filed a pro se motion seeking, inter alia, sanctions against defense counsel, including an extension of discovery.  In a letter dated May 15, Smith opposed the Firm's request for an attorney's lien and reiterated the arguments raised in his motion for sanctions.

DISCUSSION

Plaintiff's Motion for Sanctions

     Plaintiff contends that defendants should be sanctioned for their failure to comply with discovery deadlines set out in Orders of October 25, January 26, and March 15.  Throughout discovery, plaintiff was represented by counsel and any issues that were identified by the parties were addressed by the Court prior to the close of discovery.  Thus, the plaintiff's motion for sanctions and to reopen the discovery period is denied.

The Firm's Request for an Attorney's Lien

     Attorney's liens are "a creation of state law."  Binder & Binder PC v. Barnhart, 399 F.3d 128, 132 (2d Cir. 2005).  New York Judiciary Law § 475 provides that "[f]rom the commencement

of an action . . . the attorney who appears for a party has a
lien upon his client's cause of action . . . which attaches to a
. . . decision, judgment or final order in his client's favor,
and the proceeds thereof in whatever hands they may come."  N.Y.
Judiciary Law § 475 (McKinney 2005).  New York law further
provides that "upon the petition of the client or attorney" the
court "may determine and enforce the lien."  Id.

The Firm's application for the imposition of a lien is
granted pursuant to § 475.  The amount of the lien, however,
will be determined if and when Smith receives a judgment in his
favor.

Request for Stay of Litigation

The Firm requests a ninety-day stay so that Smith may
retain new counsel.  This application is denied.

The deadline for summary judgment motions has already been
extended twice and it was Smith's decision to fire his counsel
on the day that motion practice commenced without having
retained alternative representation.  The summary judgment
briefing schedule will be amended, however, to reflect
plaintiff's status as a pro se litigant.

CONCLUSION

Plaintiff's May 13, 2011 motion for sanctions is denied.
The motion by plaintiff's counsel to withdraw as counsel to the
plaintiff is granted.  An attorney's lien on behalf of

3

plaintiff's counsel is entered against any judgment in the

plaintiff's favor.  Leeds, Morelli, & Brown, P.C. shall turn

over Smith's litigation file to him no later than June 3, 2011.

A separate scheduling order shall control the remainder of this

case.


      SO ORDERED:

Dated:    New York, New York
          May 24, 2011

                        _____
                            DENISE COTE
                United States District Judge

COPIES SENT TO:


Daniel Smith
8 Valley View Terrace
Suffern, NY 10901

Thomas Ricotta
Leeds Morelli & Brown, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514


Christopher A. Seacord
Assistant Corporation Counsel
The City of New York Law Dept.
100 Church Street
New York, NY 10007