```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
DANIEL SMITH,                            :
                    Plaintiff,           :
                                         :      09 Civ. 9256 (DLC)
          -v-                            :
                                         :      MEMORANDUM OPINION
NEW YORK CITY DEPARTMENT OF EDUCATION,   :         & ORDER
ED GARDELLA, CRAIG SHAPIRO, GERALDINE    :
AMBROSIO, and PATRICIA SQUIRE,           :
                    Defendants.          :
                                         :
----------------------------------------X
```

APPEARANCES:

For the Plaintiff:

Daniel Smith, pro se
8 Valley View Terrace
Suffern, NY 10901


DENISE COTE, District Judge:

Plaintiff pro se Daniel Smith ("Smith") brought this action against the New York City Department of Education and four individual defendants (collectively "the Defendants"), alleging that they retaliated against him after he complained about funding disparities between girls' and boys' sports programs at DeWitt Clinton High School ("Clinton").  In an October 28, 2011 Opinion ("the Summary Judgment Opinion"), the Court granted the Defendants' May 13, 2011 motion for summary judgment against Smith.  Smith v. New York City Dep't of Educ., 09 Civ. 9256 (DLC), 2011 WL 5118797 (S.D.N.Y. Oct. 28, 2011).

Smith timely filed this motion for reconsideration of the Summary Judgment Opinion on November 11, 2011 ("the November 11 Motion"), and following several extensions, submitted his full set of moving papers on January 11, 2012.  Familiarity with the facts of this case, as set out in the Summary Judgment Opinion, is assumed.  For the following reasons, the motion for reconsideration is denied.

DISCUSSION

The standard for reconsideration is strict.  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id.  Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the Court."  Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Smith's motion for reconsideration does not meet this exacting standard.  In addition to rehashing arguments made in his opposition to the Defendants' summary judgment motion, Smith seeks to supplement the record in essentially two ways.  First, Smith includes a more detailed chronology of the events he claims transpired between September 2006 and April 2008, and that he argues support his retaliation claim.  These new details, particularly concerning alleged complaints made between September 2006 and March 2007 about funding disparities between girls' and boys' sports programs at Clinton, were not discussed in the parties' summary judgment papers.  They are therefore not properly before the Court on a motion for reconsideration.  See Nat'l Union Fire Ins. Co., 265 F.3d at 115.

Second, much of Smith's motion concerns the alleged failures of his prior counsel to turn over to Smith the full contents of his litigation file.  Smith fired his counsel and elected to proceed pro se on the day motion practice commenced.  Smith has failed to explain how the documents his prior counsel has allegedly retained would have affected the holding in the Summary Judgment Opinion.

Smith speculates that his prior counsel's files may have evidence that would have assisted him in showing a causal connection between protected activity and the initiation of disciplinary charges against him.  The sets of statements at

issue in Smith's complaint included:  (1) complaints about funding disparities in the academic years 2001-02 and 2006-07; and (2) two press interviews in 2007 and 2008.  The press interviews are clearly beyond the scope of Smith's First Amendment retaliation claim because they were given after the initiation of disciplinary proceedings against him.  Summary judgment on the first set of statements was granted on alternative grounds, only one of which was a causation analysis.  Even then, the causation analysis in the Summary Judgment Opinion rested on facts that are entirely within Smith's knowledge, including the dates on which he allegedly engaged in protected speech and Smith's admission that the events which led to the initiation of disciplinary action against him had actually occurred.  Thus, his prior counsel's alleged retention of documents does not warrant reconsideration of the Summary Judgment Opinion.

CONCLUSION

     Smith's November 11, 2011 motion for reconsideration is denied.  The Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the

purpose of an appeal.  Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED:

Dated:   New York, New York
         February 6, 2012

                                   _____
                                         DENISE COTE
                                   United States District Judge

COPIES SENT TO:

Daniel Smith
8 Valley View Terrace
Suffern, NY 10901

Thomas Ricotta
Leeds Morelli & Brown, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514

Christopher A. Seacord
Assistant Corporation Counsel
The City of New York Law Dept.
100 Church Street
New York, NY 10007